UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

**FILED 10/18/2013 THOMAS G. BRUTON CLERK, U.S. DISTRICT COURT**

IN RE: CREDIT DEFAULT SWAPS
ANTITRUST LITIGATION                                    MDL No. 2476

**TRANSFER ORDER**

**Before the Panel:**[*] Pursuant to 28 U.S.C. § 1407, plaintiff in a Northern District of Illinois action (*Sheet Metal Workers Local No. 33*) moves for centralization of this litigation involving anticompetitive conduct in the market for credit default swaps in the Northern District of Illinois. This litigation currently consists of three actions pending in two districts, as listed on Schedule A. Since the filing of the motion, the parties have notified the Panel of four related actions pending in the same two districts.[1]

All parties support centralization under Section 1407, but disagree on an appropriate choice for transferee district. Movant's request for the Northern District of Illinois is joined by plaintiffs in the other Northern District of Illinois action on the motion and plaintiffs in three Northern District of Illinois potential tag-along actions. Plaintiffs in the Southern District of New York action and a potential tag-along action pending there support centralization in the Southern District of New York. Responding defendants[2] support centralization in either the Northern District of Illinois or the Southern District of New York.

On the basis of the papers filed and the hearing session held, we find that these actions involve common questions of fact, and that centralization under Section 1407 in the Southern District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions share factual questions arising from allegations of anticompetitive conduct in the market for credit default swaps. Centralization will eliminate

---

[*] Judges Kathryn H. Vratil, Marjorie O. Rendell and Sarah S. Vance took no part in the decision of this matter.

[1] These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1 and 7.2.

[2] Bank of America Corp.; Bank of America, N.A.; Barclays Bank PLC; BNP Paribas S.A.; Citibank, N.A.; Citigroup Global Markets Inc.; Citigroup Inc.; Credit Suisse Group AG; Deutsche Bank AG; HSBC Bank USA, N.A.; International Swaps & Derivatives Assn.; JP Morgan Chase & Co.; JP Morgan Chase Bank, N.A.; Markit Group Ltd.; The Goldman Sachs Group, Inc.; Goldman, Sachs & Co.; Morgan Stanley & Co., LLC; Royal Bank of Scotland, N.V.; Royal Bank of Scotland PLC; UBS AG; UBS Securities LLC; and HSBC Bank plc.

A CERTIFIED COPY
RUBY J. KRAJICK, CLERK

BY _____
Deputy Clerk

-2-

duplicative discovery; prevent inconsistent pretrial rulings (especially with respect to class certification); and conserve the resources of the parties, their counsel and the judiciary.

Either of the suggested districts would be an appropriate transferee forum for this litigation. Weighing all factors, we have selected the Southern District of New York. This district has a strong connection to this litigation, inasmuch as most defendants are based there, a significant number of members of the putative classes (e.g., hedge funds, money managers, commercial banks, etc.) likely reside there, and several events giving rise to the litigation likely occurred there. By centralizing this matter before Judge Denise L. Cote, we are selecting a seasoned jurist who is well-versed in handling complex, multidistrict litigation to steer this matter on a prudent course.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Southern District of New York are transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Denise L. Cote for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Paul J. Barbadoro     Charles R. Breyer
Lewis A. Kaplan

IN RE: CREDIT DEFAULT SWAPS
ANTITRUST LITIGATION                                              MDL No. 2476

## SCHEDULE A

<u>Northern District of Illinois</u>

Sheet Metal Workers Local No. 33 Cleveland District Pension Plan v. Bank of America
    Corporation, et al., C.A. No. 1:13-03357
Unipension Fondsmaeglerselskab A/S, et al. v. Bank of America Corporation, et al.,
    C.A. No. 1:13-04979

<u>Southern District of New York</u>

Value Recovery Fund LLC v. JPMorgan Chase & Co., et al., C.A. No. 1:13-04928